IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC S. PERKINS, Individually and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>COUNTY OF COOK, a Body Politic, )<br>DOROTHYBROWN, Individually and as )<br>Clerk of the Circuit Court of Cook County; )<br>ALLSTATE INSURANCE COMPANY, an )<br>Illinois Corporation; and PAUL BUBARIS, )<br>as an Individual Attorney as well as )<br>PAUL BUBARIS, P.C.; JOHN DOE; )<br>JANE DOE; JANE AND JOHN DOE )<br>NUMBERS 1 THROUGH 100; WRIGHT )<br>CAPITAL PARTNERS, LLC, an Illinois; )<br>Corporation; LEROY WRIGHT, Individually )<br>and as a "partner" in the LEROY MILLER )<br>ENTREPRENEURIAL SCHOLARSHIP; and )<br>HEWLETT-PACKARD DEVELOPMENT )<br>COMPANY, L.L.P., a Texas Limited Partnership )<br><br>Defendants. ) | Case No. 09 CV 4930<br><br><br>**JURY DEMANDED** |

## FIRST AMENDED COMPLAINT

For his Complaint, Plaintiff, ERIC S. PERKINS, Individually and on behalf of all others similarly situated, through counsel, David A. Novoselsky and NOVOSELSKY LAW OFFICES, alleges as follows:

## PARTIES AND NATURE OF ACTION

1.      Plaintiff ERIC S. PERKINS ("PERKINS") is a resident of and domiciled in the State of Wisconsin. Mr. Perkins filed a law suit as a Plaintiff before the Circuit Court of Cook County, Illinois. He brings this Complaint against Defendants based on their violation of the protections he is

entitled to as a Citizen of the United States of America pursuant to the Fourteenth Amendment to the United State's Constitution, as well as for Defendants' violations of 42 U.S.C. §1983. Mr. Perkins further brings this lawsuit against Defendants as a Taxpayers' Lawsuit under the common law of the State of Illinois pursuant to the Ancillary jurisdiction of this Court over those matters.

2.      DOROTHY BROWN is an individual domiciled in the State of Illinois, within the Northern District of Illinois, Eastern Division, and is the duly elected Clerk of the Circuit Court of Cook County, Illinois.

3.      Defendant COUNTY OF COOK is an Illinois Municipal Corporation with its domicile and principal place of business in the Northern District of Illinois, Eastern Division.

4.      ALLSTATE INSURANCE COMPANY is an Illinois Corporation, domiciled in the State of Illinois and with its principal place of business in Cook County, State of Illinois. AllState Insurance Company ("ALLSTATE") paid a fee to place advertising at a public website, funded by the monies paid by the Citizens of Cook County and further supported by the individual litigants such as Plaintiff Perkins.

5.      PAUL BUBARIS, P.C. and PAUL BUBARIS, Individually, are an Illinois Corporation organized for the Practice of Law as well as an individual licensed to practice law before the Supreme Court of the State of Illinois respectively. These Defendants paid to place an advertisement on a public website which, along with providing said advertising, provides reference to various public citizens who go to that website to check the status of traffic offenses and other matters relating to them, thereby constituting an official or public "endorsement" or recommendation as to the services of these individuals in violation of the Law of the State of Illinois including the Constitution of the State of Illinois.

{00023897.DOC; v. 1}                                        2

6.     JOHN DOE, JANE DOE, and JANE AND JOHN DOE Numbers 1 through 100 are various and unknown individuals and corporations located within Illinois who are currently paying Defendant Brown and the County of Cook to place private advertising at the public website belonging to the Circuit Court of Cook County.

7.     WRIGHT CAPITAL PARTNERS, LLC is a dissolved Illinois corporation and Defendant LEROY WRIGHT, is an individual and purported (CEO) of the Illinois corporation, both citizens of and domiciled in the State of Illinois. These Defendants have utilized the Court's Public Website for promotional use through a so-called "Press Release" posted in a "click through" advertisement touting the supposed generosity of these Defendants without that supposed "generosity" having any official or public connection to the legitimate activities of the Circuit Court of Cook County and thereby constituting a private promotional use of a public website belonging to the Circuit Court of Cook County.

8.     LEROY MILLER ENTREPRENEURIAL SCHOLARSHIP, purports to be a partnership between Dorothy Brown, Clerk of the Circuit Court of Cook County and LEROY WRIGHT, CHAIRMAN AND CEO of Wright Capital Partners, LLC, a supposed partnership between an official in the Judicial Branch of State Government and a private individual, a relationship barred by Illinois law.

9.     Defendant HEWLETT-PACKARD DEVELOPMENT COMPANY, L.L.P. a Texas Limited Partnership ("HP") is a company that is domiciled in and has its principal place of business in Texas. HP maintains a "click through" advertisement at the public website of the Circuit Court of Cook County and has from time to time been paid as a private contractor by Defendants BROWN and COOK COUNTY to provide services for these Defendants. The advertisement contained at the public website maintained by Defendants BROWN and COOK COUNTY, permits and encourages a

private interest without a corresponding public benefit as that website link encourages and permits the ordering of products produced and distributed by Defendant HP, an activity supported by public funds and in violation of the Illinois public trust doctrine as well as Illinois statutory law.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 because Plaintiff Perkins asserts claims pursuant to 42 U.S.C. §1983 and §1985. This Court has subject matter jurisdiction over the state law claims brought under to the common law of the State of Illinois pursuant to its supplementary or ancillary jurisdiction as well as through its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as Perkins is a citizen of and domiciled in Wisconsin and Defendants, are citizens of and domiciled in Illinois.

11.     Venue is appropriate in this District as all Defendants are subject to personal jurisdiction in this district and as the events giving rise to Mr. Hale's claims herein occurred in this District. (See 28 U.S.C. §1391.)

## FACTS COMMON TO ALL COUNTS

12.     Plaintiff is a civil litigant who filed one or more lawsuits before the Circuit Court of Cook County.

13.     When filing these lawsuits, Perkins, as every other litigant, was charged and paid certain fees ostensibly for the specific services provided to litigants within and for the exclusive use of the Circuit Court of Cook County, as provided for by Illinois law.

14.     Effective with the adoption of the Judicial Article of 1964, and as later codified in the Illinois Constitution of 1970, the Circuit Court of Cook County is not part of county government. Instead, it is part of the statewide Illinois Judicial System. It is not subject to any local taxation or

any local burden upon the court or litigants created by local ordinance or otherwise imposed upon it by Cook County or any public official or arm of government within Cook County.

15.     Effective with the adoption of the Judicial Article of 1964 and the subsequent adoption of its provisions in the 1970 Illinois Constitution, the financial burden of maintaining the Circuit Court of Cook County, as with all other Circuit Courts throughout the State of Illinois, rests on the taxpayers of each county as part of the county's general revenues. That burden may not be placed on individual litigants through filing fees.

16.     Illinois law permits the General Assembly of the State of Illinois to impose additional fees to be charged litigants only when those charges are to supplement the existing burden placed on the taxpayers and general revenue of a given county. All such charges must be used solely as supplemental fees for specific and specified purposes exclusively within the court system. Any use of these fees for general revenue purposes is prohibited both by specific legislation adopted by the General Assembly of the State of Illinois as well as by various decisions of the Supreme Court of the State of Illinois.

17.     None of the charges for fees levied against Plaintiff Perkins or any other litigant and as collected on behalf of Cook County by Defendant Brown were kept or expended for the exclusive use of the court system nor were they used as required by the specific enactments of the General Assembly of Illinois which permitted one or more of the specified charges to be taxed against litigants. Instead, as defendants have admitted, every penny of every fee collected from litigants is placed into the General Revenue Fund of Cook County and is spent by Defendant Cook County as discretionary general revenue income. Defendants further assert that these fees may be, and have been, used not as required by law or even as ostensibly permitted by the Budget passed annually by the Cook County Board. Defendants have stated these public funds may be, and admittedly have

been spent for whatever expenditure deemed appropriate by one or more of the Defendants in this case.

18.     Pursuant to Article VIII, Section 1(a) of the Illinois Constitution of 1970, public funds, property or credit shall be used only for public purposes. The use by all Defendants of a publically-supported and publically-owned website for private gain and personal advantage is also a violation of a Criminal Code of the State of Illinois (720 ILCS 5/33-3) as to Defendant BROWN and Defendant COOK COUNTY, acting in their individual capacity, and with the intent to obtain a personal advantage including but not limited to the use of the public website for promotional and campaign purposes by Defendant BROWN is acted in violation of the criminal statutes of the State of Illinois. In addition, all of these Defendants have violated the common law doctrine in the State of Illinois known as the "public trust doctrine" which precludes the use of property held for public use for a purpose inconsistent with its originally intended public use and where that conduct benefits a private interest without a corresponding public benefit. (See, for example, *Paschen v. Village of Winnetka*, 23 Ill.App.3d 1023, 1028-1029, First District, 1979, and the cases cited therein.)

19.     Defendants BROWN and COOK COUNTY, despite the strictures of the Illinois Constitution as well as the laws of the State of Illinois, have utilized a public website and taken public funds in support of that website, including funds obtained from litigant fees such as those paid by Plaintiff Perkins to confer benefits upon private individuals and entities as evidenced by the use of this space for advertising including the request to "put your ad here," thereby giving the public the impression that this public website endorses and supports the services offered by the advertisers. This same website contains campaign advertisements and support for Defendant BROWN, including "click through" advertisements listing a series of personal statements and campaign support on behalf of Ms. Brown, who is engaged in various political campaigns to achieve higher public office.

Those advertisements at this public website confer on Defendant BROWN a "private interest without a corresponding public benefit" as well as a private benefit for her supporters also in direct violation of the Illinois Constitution and the Law of the State of Illinois, both criminal and a violation of common law.

20.     Defendant, COOK COUNTY, is responsible for the collection and subsequent use of all funds collected from Plaintiff Perkins and other litigants similarly situated.

21.     Defendant, DOROTHY BROWN, as the Clerk of the Circuit Court of Cook County is charged by Illinois law with the duty to collect and, upon collection, segregate into separate funds for submission to the treasurer of Cook County various fees collected by her.

22.     Defendant, DOROTHY BROWN, Individually as well as in her capacity as the Clerk of the Circuit Court of Cook County, with the knowledge and consent of Defendant COOK COUNTY, has instituted a program by which fees are collected from private corporations and individuals to place advertisements for their services at this public website. In addition, Defendant Brown, as an Individual and also in her capacity as Clerk of the Circuit Court of Cook County has placed at this public website (which is in fact the property of and subject to control of the Circuit Court of Cook County since Ms. Brown is a member of the Judicial Branch) various campaign literature and self-promotional matters which are linked through the public website and contain "reports" in which she purports to advise the public that she has maintained and fulfilled her "campaign promises." Ms. Brown is currently a candidate for public office and has therefore utilized this public website for her private gain in violation of Illinois law as well as the Constitutions of the United States and the State of Illinois as well as various state and federal laws.

23.     Defendant BROWN has also placed at the public website a "link" to an article written about her and her office along with a prominent picture of Ms. Brown. This link provides direct

access to advertising literature for a computer company that does business with the County and with whom Ms. Brown retains a business relationship. The use of this photograph and link constitutes unpaid advertising at a public website to the benefit of both Ms. Brown's campaign as well as the products of this computer company.

24.     The funds obtained from this unauthorized and illegal advertising are deposited not into the control of the Circuit Court of Cook County or the Judicial System of the State of Illinois but, instead, are deposited by Ms. Brown into her own bank accounts and later used (at least in part) as part of the General Revenue of Cook County.

25.     Defendant BROWN, although not authorized to do so by Illinois law, maintains various accounts in which she commingles all fees collected and maintains those accounts without providing any later record or general accounting to Defendant COOK COUNTY nor to the citizens of that County. No record of any interest earned upon those funds is submitted to the public or made available as part of the public record available to Plaintiff or other citizens of Cook County.

26.     Defendant BROWN, despite the obligations imposed upon her by Illinois law as to various fee collections, does not transmit those fees in a segregated fashion to Defendant Cook County for deposit in the required separate funds nor does she maintain any separate audit of those funds as required by Illinois law. All funds are commingled instead given to Cook County for its general revenue use.

27.     Defendant BROWN has acknowledged taking various fees paid into the court system by litigants for specific, restrictive uses, and converting those fees to be used to support of her personal entourage or "protective detail" as well as to pay for her parking fees, daily transportation, campaign use, and other matters in violation of Illinois law. Defendant BROWN has further acknowledged her obligation to repay to the public treasury of Cook County the costs incurred by the

public in paying for these personal usage, but has professed an inability to do so since her salary is "only $105,000 per year."

## COUNT I

### Violation of the Fourteenth Amendment to the Constitution of the United States and Violation of 42 USC § 1983

28.     Plaintiff readopts and realleges the allegations of paragraphs 1 through 27 above as if fully set forth herein as paragraph 28 of Count I.

29.     Plaintiff, and all other civil litigants who file actions before the Circuit Court of Cook County, are entitled to equal protection of the law and access to the court system that is not burdened by excessive and/or unlawful fees charged for said access. Any violation of that right, is a violation of 42 U.S.C. §1983. (C.f., *Woodard v. Andrus*, 419 F.3d 348 (5th Cir. 2005).)

30.     The fees collected from Plaintiff and all other civil litigants as described in the preceding sections of this Complaint are used to support, *inter alia,* the public website known as the "CLERK OF THE CIRCUIT COURT COOK COUNTY, ILLINOIS" and which bears the logo and seal of the Circuit Court of Cook County Illinois, an arm of the Judicial Branch of the State Government.

31.     Illinois law prohibits the use of public property or funds for private gain, as well as in violation of the public trust doctrine recognized by the common law of the State of Illinois that prohibits government action taken which directly benefits a private interest without a corresponding public benefit, Defendants BROWN and COOK COUNTY have accepted advertisements from the other named Defendants, including Defendants DOE 1 through 100, by accepting funds for private advertising at this publically-owned and publically-funded website. They have also utilized this site to provide free advertising and benefits for various individuals including Defendants LEROY

WRIGHT and WRIGHT CAPITA PARTNERS, LLC as well as Defendant HEWLETT PACKARD COMPUTER COMPANY, both entities and Defendant WRIGHT receiving promotional "click through" advertising and publicity at this public website without charge.

32.     The use of this public website for private benefit is an unlawful and unauthorized taking of the funds and fees of Plaintiff and other civil litigants in violation of their protections guaranteed by Illinois law as well as by the Fourteenth Amendment to the United States Constitution as well as 42 U.S.C. § 1983.

33.     In addition to the above, the Illinois General Assembly authorized the creation of two special funds, which provide that Plaintiff Perkins and all other civil litigants be charged a fee as follows:

**Sec. 27.3a. Fees for automated record keeping**.

1. *The expense of establishing and maintaining automated record keeping systems in the offices of the clerks of the circuit court shall be borne by the county. To defray such expense* in any county having established such an automated system or which elects to establish such a system, *the county board may require the clerk of the circuit court in their county to charge and collect a court automation fee of not less than $1 nor more than $15*

2. Such fees shall be in addition to all other fees and charges of such clerks, and assessable as costs, and may be waived only if the judge specifically provides for the waiver of the court automation fee. *The fees shall be remitted monthly by such clerk to the county treasurer, to be retained by him in a special fund designated as the court automation fund*. The fund shall be audited by the county auditor, *and the board shall make expenditure from the fund in payment of any cost related to the*

*automation of court records*, including hardware, software, research and development costs and personnel related thereto, *provided that the expenditure is approved by the clerk of the court and by the chief judge of the circuit court or his designate.* (705 ILCS 103/27.3a 3, emphasis supplied.)

### Sec. 27.3c. Document storage system:

(a) *The expense of establishing and maintaining a document storage system in the offices of the circuit court clerks in the several counties of this State shall be borne by the county. To defray the expense in any county that elects to establish a document storage system and convert the records of the circuit court clerk to electronic or micrographic storage, the county board may require the clerk of the circuit court in its county to collect a court document fee of not less than $1 nor more than $15*, to be charged and collected by the Clerk of the Court.

(b) Court document fees shall be in addition to other fees and charges of the clerk, shall be assessable as costs, and may be waived only if the judge specifically provides for the waiver of the court document storage fee. *The fees shall be remitted monthly by the clerk to the county treasurer, to be retained by the treasurer in a special fund designated as the Court Document Storage Fund*. The fund shall be audited by the county auditor, and *the board shall make expenditures* from the fund in payment of any costs relative to the *storage of court records, including hardware, software, research and development costs*, and related personnel, *provided that the expenditure is approved by the clerk of the circuit court.* (705 ILCS 105/27.3c(c), emphasis supplied.)

34.     As set out above, the General Assembly set up those funds to supplement the obligation of Cook County to establish and maintain a document storage system in the offices of the Circuit Court Clerk, not to be used as a substitute for this obligation. All of the supplemental fees collected for Court Automation and Document Storage were to be kept in special fund accounts designated as the Court Automation and Document Storage Fund, respectively, and audited each year. The enabling legislation further required that these fees were to be used solely and exclusively to defray and supplement costs related to the storage of court records, for computer hardware, software, research and development costs and personnel hired to perform such functions.

35.     Defendants admitted in pleadings, as well as in various statements and affidavits submitted to the state court system in other litigation, that none of the fees collected for Automated Record keeping or Document Storage were maintained in separate, segregated bank accounts nor were those fees used for the purposes required by statute. No separate audit was performed on what was to be segregated and specially-titled accounts. Defendants admit that these fees, as well as all other fees collected by the Clerk of the Court, are placed directly into the General Revenue Fund of Cook County and thereby used as discretionary general income funds for whatever purpose defendants may deem appropriate rather than used as required by statute.

36.     Defendant COOK, in their annual budget, admits that these funds are used for purposes other than those permitted by the enabling legislation, including but not limited to attorneys' fees ostensibly incurred by the Clerk of the Circuit Court, vehicles purchased for her personal use, gasoline, and maintenance of those vehicles, as well as to create funds of several million dollars per year for unrestricted and discretionary use by Ms. Brown to hire "consultants." No restriction or limitation on use of those consultant fees is placed on Ms. Brown despite the explicit restrictions placed on such expenditures by the enabling legislation which permits the

collection of these fees. No identification of these "consultants" or evidence of their work is available to the public.

37.     Defendant BROWN has used the fees collected under the two funds enumerated above for her personal use, including campaign visits, personal chauffeuring and parking, and has used these funds in a manner which is in violation of Illinois law, both civil and criminal. In addition, Defendant BROWN acknowledged the use of these funds for her personal benefit while further acknowledging that she has failed to reimburse the public for the use of these public funds for her personal benefit and has paid no taxes, either state or federal, on the benefits she has derived from this personal usage.

38.     Defendant COOK is required by statute as well as local ordinance to require Defendant Brown to reimburse the public for the personal use of these funds including the use of vehicles purchased out of these restrictive court funds. Defendant is required by local law to send a "Federal Tax Form 1099" to Ms. Brown as well as provide a copy of that document to the federal government for the purpose of having Ms. Brown pay taxes on these benefits. Despite the fact that this ordinance exists, and further despite the fact that Defendants have specific restrictions on the use of public vehicles, including but not limited to the obligation to reimburse the County for such usage and to provide tax records to the appropriate authority, no such reimbursement nor any records were provided with regard to the usage set forth above by Ms. Brown.

39.     Defendant COOK, who has knowledge of this misuse of these funds as well as their conversion for general revenue purposes, has continued to approve an annual budget which specifies and permits the unauthorized use of these funds and, further, have ratified and approved the personal use of these funds by Defendant Brown.

40. Defendant has authorized the deduction of nine (9%) percent of all fees collected from litigants such as Plaintiff and others paid ostensibly for the exclusive use of supplementing court automation and document storage for what they term as "Cook County Administration", also known as Fund 883. Fund 883 is not a tax or deduction from these or any other separate fund collections within Cook County. Defendants have, instead, acknowledged that there is no authorization which permits Defendants to deduct nine (9%) percent from these court fees or any other special fund but claim instead that this fund or deduction is permissible as a "bookkeeping matter" and not subject to any intervention by a court or any other authority to prohibit this unauthorized tax.

41. Fund 883 over the last two decades has taken between $14 million dollars and $20 million dollars per year, *inter alia*, from these two funds as well as taking nine (9%) percent per year from a series of state, local, and United States Government fund grants which were to be used for specified purposes. Defendants have admitted that they have no lawful authority to deduct these sums from these or any of the grant funds which would otherwise go to support the collection of past due child support fees to support health care at Stroger Hospital, and various other important public services. Their position is simply that whatever fees or grant funds deposited in the Cook County Treasury become County discretionary general revenue funds.

42. Defendants, collect these fees referred to above for automation, document storage, and law library usage, on an annual basis. The sums collected for these purposes usually exceed the amount actually used for support of these separate funds, according to the public record. Rather than maintain these fee "surpluses" as a "credit" for the use and benefit of the specified, separate funds, these surpluses (many times amounting to millions of dollars per year per fund) are used as county

discretionary general revenue funds, along with all interest earned upon what is supposed to be separate collections and deposits of these funds.

43.     Attached as Exhibits to this Complaint are printouts of a website which is listed as the "Cook County Clerk of the Circuit Court." Under Illinois law, the Clerk of the Cook County Circuit Court is in fact an employee of and under the supervision of the Judicial Branch of Illinois government. Further, as can be seen from the attached Exhibits, the website itself bears the logo of not the County of Cook but of the "Circuit Court Cook County Illinois, the logo of the Judicial Branch and, therefore, is held out to the public quite correctly as the Circuit Court's website rather than the personal website of either Ms. Brown or an institution of Cook County Government.

44.     Despite this, and despite the explicit restrictions upon the use of public property for private gain, Defendant Brown and Defendant Cook County have undertaken an extensive series of solicitations and completed advertising contracts with various private individuals and corporations at this and at a website maintained by the Assessor of Cook County including but not limited to attorneys who handle traffic court matters before the Circuit Court of Cook County, thereby providing the public with some form of recommendation or suggestion that certain attorneys are 'officially sanctioned' to obtain the business of the public when the public reviews the information at the website relating to traffic offenses and court appearances required of the public. In addition, this website as presented by Ms. Brown contains links to corporations which are paid by Ms. Brown and Defendant Cook County to provide services to them and, in return, receive advertising space at this public website without charge.

45.     These activities, which are used for the gain of Defendant COOK COUNTY and also used to support the current campaign and publicity needs of Defendant BROWN are being done

through a website which is supported not only by public funds but through the fees paid by Plaintiff and other similarly situated.

46.     The use or misuse of the fees charged Plaintiff and other similarly situated constitutes a violation of 42 U.S.C. §1983 as this conduct was committed by the Defendants acting under color of state law. The conduct of taking these fees as paid by Plaintiff and other similarly situated and using them in a manner not permitted by Illinois law and, further, by taking additional fees and taxes not permitted by state law, has deprived Plaintiff and others similarly situated of their personal property (fees) in violation of their rights, privileges, and immunity secured by the Constitution and laws of the United States. That deprivation is a violation of both the Fourteenth Amendment to the United States Constitution as well as 42 U.S.C. §1983. (See *Woodburn, Supra*)

WHEREFORE, Plaintiff, Eric S. Perkins, individually and on behalf of all others similarly situated, respectfully prays that this Honorable Court enter judgment in his favor and against Defendants as follows:

a.     Find that the conduct of Defendants in the manner in their misuse and conversion of these fees, and constitutes a violation of 42 U.S.C. §1983;

b.     Enjoin the collection of these fees from Plaintiff and other litigants similarly situated by Defendants and require that all further collections be deposited in separate accounts and otherwise handled and spent only as permitted by Illinois law;

c.     Enjoin the further use of the public website for advertising purposes and/or for the private campaign use and publicity of Defendant BROWN;

d.     Order the return to Plaintiff and others similarly situated of all fees previously collected by Cook County in violation of Illinois law and converted by Defendants for unauthorized use;

e.     Order Defendants to pay Plaintiff and his counsel all fees and costs incurred in
bringing this action, and permitted pursuant to federal law; and

f.     Grant whatever other relief this Court shall deem just and appropriate.

## COUNT II

### Action for Violation of State Law

47.     Plaintiff readopts and realleges the allegations of paragraphs 1 through 46 above as if
fully set forth herein as paragraph 47 of Count II.

48.     This Court has jurisdiction to hear claims brought under Illinois law as part of its
supplemental or ancillary jurisdiction over such matters.

49.     Under Illinois law, any and all fees collected from litigants must be used only for the
purposes set forth by the enabling legislation and then, regardless of the nature of the enabling
litigation, may only be used for court services or other matters relating exclusively to and which
benefit the court system and litigants.  Said fees may not be used in any regard whatsoever for the
discretionary general use of any municipal agency or as general revenue to offset the supposed cost
of operating the court system.  (See *Crocker v. Finley*, 99 Ill.2d 444 (1984).)

50.     The fees as well as "advertising funds" collected and used by Defendants as set forth
above violate Illinois law as set forth in the *Crocker* decision, under the Illinois Constitution, and
under Illinois law.

51.     Illinois law recognizes that the courts have the power to either declare such conduct
unlawful and order the fees collected to be used specifically for the purpose set forth under the
statute, assuming that said statute otherwise complies with Illinois law, or order those fees and
payments for "advertising" to be returned to Plaintiff and others similarly situated.

52.     All Defendants other than Defendants BROWN and COOK COUNTY have violated Illinois law including but not limited to the public trust doctrine by utilizing publically-owned and publically-funded website advertising and promotional announcements including "click through" computer links which provide for direct links to the websites and ordering/payment sites maintained by these Defendants thereby utilizing the public property and public funding, including but not limited to fees paid by Plaintiff and other civil litigants to support these public websites for their private benefit with no corresponding public gain. This conduct constitutes not only a violation of the public trust doctrine, but further constitutes conversion of public funds and funding as well as the fees paid by Plaintiff and others similarly situated, thereby requiring repayment of those fees and funds including but not limited to the appropriate interest and other damages resulting from said conduct.

53.     Under Illinois law, public property and public funds may not be used where it directly benefits a private interest without a corresponding public benefit. By utilizing the services offered by Defendant BROWN and Defendant COOK COUNTY, the remaining Defendants have violated not only the public trust doctrine but also have converted public funds for their own use. Those Defendants, as well as Defendants BROWN and COOK COUNTY are now obliged to reimburse Plaintiff and others similarly situated pursuant to the common law of the State of Illinois as well as its statutes.

54.     Illinois law further recognizes the standing of Plaintiff to seek this relief before this Court.

55.     As a result of the conduct of Defendants as set forth in the proceeding paragraphs of this Count and elsewhere in this Complaint, Plaintiff and others similarly situated have been damaged through the unnecessary payment of these fees and their improper use and/or conversion.

They are entitled to a return of those fees, and payment of other damages caused by the conduct of Defendants.

WHEREFORE, Plaintiff, Eric S. Perkins, individually and on behalf of all others similarly situated, respectfully prays that this Honorable Court enter judgment in his favor and against Defendants as follows:

a.　　Find that the conduct of Defendants in the manner in their misuse and conversion of these fees, and constitutes a violation of 42 U.S.C. §1983;

b.　　Enjoin the collection of these fees from Plaintiff and other litigants similarly situated by Defendants and require that all further collections be deposited in separate accounts and otherwise handled and spent only as permitted by Illinois law;

c.　　Enjoin the further use of the public website for advertising purposes and/or for the private campaign use and publicity of Defendant BROWN;

d.　　Order the return to Plaintiff and others similarly situated of all fees previously collected by Cook County in violation of Illinois law and converted by Defendants for unauthorized use;

e.　　Order Defendants to pay Plaintiff and his counsel all fees and costs incurred in bringing this action, and permitted pursuant to federal law; and

f.　　Grant whatever other relief this Court shall deem just and appropriate.

## COUNT III

## CONVERSION UNDER ILLINOIS LAW

56.　　Plaintiff readopts and realleges the allegations of paragraphs 1 through 55 above as if fully set forth herein as paragraph 56 of Count III.

57.　　Defendant BROWN, has willfully converted public funds for her personal use.

{00023897.DOC; v. 1}　　　　　　　19

58.     Illinois law, as well as the Constitution of the State of Illinois, makes the use of public funds for unauthorized or personal usage a civil offense permitting the recovery of those funds in an appropriate taxpayer's action, as well as a civil and criminal offense.

59.     According to the public statements of Defendant BROWN, she took the computer system owned and maintained at the expense of Plaintiff and other civil litigants ostensibly to place the court files and documents on the system owned and maintained by Defendant COOK COUNTY.

60.     Defendant BROWN is not authorized to sell or otherwise dispose of property belonging to the Judicial Branch of State Government. Further, Ms. Brown is obliged by state law to maintain the records of the Circuit Court of Cook County separate and apart from the general records of Defendant Cook County. This is especially so since the official Docket of the Circuit Court of Cook County is maintained on computers with "paper" docket books no longer available.

61.     By unilaterally and unlawfully disposing of the property of and the Docket of the Circuit Court of Cook County, Defendant BROWN has violated her obligations under Illinois law to maintain the records and docket of the court system and, further, has converted property belonging to the Judicial Branch and has disposed of it without notice or consent of the Judicial Branch or the Plaintiff and others similarly situated who paid and continue to pay for maintenance of the computer system that is supposed to be maintained and supported by the funds including but not limited to those fees paid by these litigants.

WHEREFORE, Plaintiff, Eric S. Perkins, individually and on behalf of all others similarly situated, respectfully prays that this Honorable Court enter judgment in his favor and against Defendant BROWN as follows:

a.     Repayment of all fees and monies converted by Defendant BROWN for unauthorized or personal usage;

b.      Punitive damages in an amount appropriate under Illinois law as well as guidelines set for such damages by the United States Supreme Court; and

c.      Removal from office pursuant to Illinois law which permits and requires removal of any public official from office for the use of public funds other than as specifically authorized by statute, ordinance, or a properly-adopted budget.

As a result of the conduct of Defendant BROWN, she has engaged in conversion and has violated Illinois law which requires her removal from office.

Respectfully submitted,

ERIC S. PERKINS, Individually and on behalf of all others similarly situated

By:  /s/ David A. Novoselsky
        David A. Novoselsky

David A. Novoselsky
NOVOSELSKY LAW OFFICES
120 N. LaSalle St., Suite 1400
Chicago, IL 60602
(312) 346-8930
ARDC #02069881