# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4930 | **DATE** | 3/2/2010 |
| **CASE TITLE** | Perkins vs. Cook County | | |

## DOCKET ENTRY TEXT

For the reasons stated below, Plaintiff's Motion to Disqualify [47] is DENIED.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Eric Perkins ("Plaintiff") brings an action for civil rights violations pursuant to 42 U.S.C. §1983, alongside various state law claims. Before this Court is Plaintiff Eric Perkin's ("Plaintiff") Motion to Disqualify the State's Attorney of Cook County, counsel for Defendant Cook County ("County").

**BACKGROUND**

This is the seventh in a string of state and district court actions alleging identical substantive issues, brought by various parties represented by the same counsel of record. Principally, Plaintiff alleges that the Clerk of the Circuit Court of Cook County ("Clerk" or "Clerk of the Court") charged fees unauthorized by Illinois statute and diverted these funds toward unlawful purposes. Plaintiff further alleges that advertising on the Clerk of the Court's website constitutes a conversion of public funds, among other violations.

**DISCUSSION**

Plaintiff argues that the State's Attorney of Cook County must be disqualified due to a conflict of interest. Plaintiff takes issue with the fact that the State's Attorney has allegedly represented the co-defendant Clerk of the Court in prior actions, yet is also obligated to assert claims on behalf of the County against public officials like the Clerk in other potential actions. Plaintiff asserts that the State's Attorney should be disqualified for suggesting that she has the exclusive right to bring actions against the Clerk of the Court for the conversion of public funds. In Plaintiff's words, the State's Attorney's attempt to wear "two hats" or serve "two masters" invites absurd results.

| | Courtroom Deputy Initials: | HM (LC) |
|---|---|---|

## STATEMENT

Plaintiff misconstrues the State's Attorney's stance and relevant case law. In her motion to dismiss, the State's Attorney argued that, insofar as Plaintiff pleads a derivative taxpayer claim, he would lack standing to do so. Where only the state benefits from the relief sought, a claim is by definition a "taxpayer derivative claim." *See Scachitti v. UBS Financial Services*, 215 Ill.2d 484, 500 (Ill. Sup. Ct. 2005). Among other various forms of relief, Plaintiff asks that the Court "require that all further collections [of filing fees] be deposited in separate accounts otherwise handled and spent only as permitted by Illinois law." The State's Attorney argued that such action would only benefit the County, since the County treasurer retains these fees to pay for court costs. It is well established that only the State's Attorney may assert such claims. *See County of Cook ex rel. Rifkin v. Bear Stearns & Co., Inc.*, 215 Ill.2d 466, 474 (Ill. Sup. Ct. 2005) ("Only the County would benefit from any recovery, and only the State's Attorney may assert those claims on behalf of the County."); *Lyons v. Ryan*, 201 Ill.2d 529, 541 (Ill. Sup. Ct. 2002). Posing a legitimate argument is hardly adequate basis for disqualifying counsel.

Plaintiff alleges that the State's Attorney is conducting an ongoing criminal investigation into the conduct of the Clerk of the Court, and as such cannot represent the County in the instant case. The appearance of a conflict of interest here is illusory. Firstly, and most importantly, the State's Attorney represents the County in this case, not the Clerk of the Court. The Clerk is represented by separate counsel. Secondly, even if the State's Attorney were representing the Clerk, a conflict of interest per se does not arise simply because the State's Attorney might prosecute the Clerk at some point in the undetermined future. *See Matter of Swan*, 92 Ill.App.3d 856, 863 (Ill. App. 1981). As the Illinois Supreme Court has recognized, it is not unusual for the State's Attorney to represent one statutory client (typically, the people) in suits against other statutory clients (e.g., county officers). *See People ex rel. Courtney v. Ashton*, 358 Ill. 146, 152 (Ill. Sup. Ct. 1934). Finding a conflict of interest whenever the State's Attorney investigates a public official whom she concurrently represents in an official capacity "would . . . require the appointment of a special prosecutor in every investigation of official misconduct involving county officials." *Swan*, 92 Ill.App.3d at 863. Illinois courts have found such recourse unnecessary. *See id.*; *People ex re. York v. Downen*, 119 Ill.App.3d 29, 32 (Ill. App. 1983). Examples of situations potentially warranting a special prosecutor for reasons of conflict of interest include suits lodged by the Attorney General against a state agency he is obligated to represent, disputes between two public agencies, and disputes between two public officials. *See Suburban Cook County Regional Office of Educ. v. Cook County Board*, 282 Ill.App.3d 560, 574-75 (Ill. App. 1996) (listing cases). Plaintiff's case, a private party suit against public entities, is not comparable.

At any rate, Plaintiff lacks standing to seek disqualification of Defendant Cook County's attorney. To gain standing, Plaintiff must demonstrate that the appointment of the opposing party's counsel personally injured him in some way. *See Schneider v. County of Will*, 123 Fed. Appx. 715, 716-17 (7th Cir. 2005). In a motion to disqualify, the proper party to raise a conflict of interest issue is the party that relevant rules of professional conduct were intended to protect, that is, the current or former clients of the attorney. *See Thomas Betts Corp. V. Panduit Corp.*, No.93 C 4017, 1995 WL 319635, at *2 (N.D. Ill. May 25, 1995); *Lavaja v. Carter*, 153 Ill.App.3d 317, 326 (Ill. App. 1987). Even as alleged, the State's Attorney's conduct does not adversely affect Plaintiff's interests. Rather, it presumably impinges on the interests of Cook County and the Clerk of the Court. Plaintiff's lack of personal injury is fatal to his standing.

For the foregoing reasons, Plaintiff's motion to disqualify Defendant Cook County's counsel is **DENIED**.