IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC PERKINS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | No. 09-CV-4930 |
| | ) | |
| COUNTY OF COOK, a Body Politic, | ) | Honorable David H. Coar |
| DOROTHY BROWN, individually and as | ) | |
| Clerk of the Circuit Court of Cook County, *et al.*, | ) | |
| | ) | |
| *Defendants*. | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Eric Perkins ("Plaintiff") brings an action for civil rights violations pursuant to 42 U.S.C. §1983, alongside various state law claims.[1] Before this Court are two motions brought by the County of Cook (the "County" or "Cook County") and the Clerk of the Circuit Court of Cook County (the "Clerk") to dismiss all counts of Plaintiffs' First Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the motions are GRANTED.

---

[1] Plaintiff also mentions 42 U.S.C. § 1985 as a grounds for the Court's subject matter jurisdiction, but does not mention § 1985 thereafter or otherwise plead a conspiracy claim. In any event, such a claim would fail because, as described below, Plaintiff has not alleged a violation of federal constitutional rights.

1

**I.    Background**

Plaintiff is a civil litigant who filed one or more lawsuits before the Circuit Court of Cook County. Upon filing, Plaintiff was charged fees for the court's automated record keeping and document storage services. Under Illinois statute – 705 ILCS 105/27.3a and 705 ILCS 105/27.3c, respectively – these fees are specifically earmarked to defray the court's costs of automated record keeping and document storage. The authorizing statutes further specify that collected fees shall be retained in special, designated funds and audited by the county auditor. 705 ILCS 105/27.3a(3); 705 ILCS 105/27.3c(c). By law, the circuit court may charge a fee of no less than $1 and no more than $15 for either of these services. 705 ILCS 105/27.3a(1); 705 ILCS 105/27.3c(a).

Plaintiff alleges that none of the fees collected for automated record keeping or document storage are maintained in separate bank accounts, nor are they used for the purposes required by statute. Plaintiff further asserts that no separate audit has been performed on these funds. All fees, including surplus amounts, are allegedly placed into the General Revenue Fund of Cook County, and put towards discretionary general income funds and other unauthorized purposes. Plaintiff alleges that the Clerk uses court fees to fund her personal political campaigns and hire consultants. The Clerk has also allegedly disposed of the Circuit Court's computer system and placed the court's files on a system owned and maintained by Cook County.

Plaintiff also alleges that Cook County has been remiss in its duties under local ordinance and state law to require the Clerk to reimburse the public for the personal use of these funds. The County is allegedly aware of the Clerk's activity, and continues to approve an annual budget

which permits the Clerk's abuse of court funds. Cook County has allegedly authorized the deduction of 9% of all litigation fees for a "Cook County Administration Fund," also known as Fund 883. Plaintiff alleges that, over the last two decades, Fund 883 has taken between $14 million and $20 million per year from the Court Automation Fund and the Court Document Storage Fund.

Finally, Plaintiff alleges that the Clerk has co-opted, for her personal use, the public website maintained by the office of the Clerk of the Circuit Court of Cook County. The website contains advertisements promoting the services of private individuals and corporations, including various attorneys at law. Plaintiff argues that, in doing so, the website implicitly endorses the advertising attorneys, while suggesting that attorneys not displayed are "officially sanctioned" by the court. Plaintiff also alleges that the corporations advertising on the website receive their advertisement space free of charge, in return for services rendered to the Clerk and the County. This illicit activity is allegedly supported in part by the money appropriated from the Court Automation and Court Document Storage Funds.

## II.     Standard of Review

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir.1996). To survive the motion, a complaint need only describe the claim in sufficient detail to give the defendant fair notice of the claim and its basis. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007). A plaintiff's factual allegations must suggest a plausible, rather than merely speculative, entitlement to relief. *Tamayo v. Blagojevich*,

526 F.3d 1074, 1083 (7th Cir. 2008); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic*, 550 U.S. at 555. In ruling on a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in plaintiff's favor. *Tamayo*, 526 F.3d at 1081.

### III. Analysis

This is the seventh case in a string of state court actions alleging the same substantive issues, brought by various plaintiffs represented by the same counsel of record. Unfortunately for Plaintiff and his counsel, the attempt to shoehorn Plaintiff's complaint into claims plausibly entitled to relief under § 1983 fails.

To state a claim under § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) a person acting under color of state law caused this deprivation. *See Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978). In other words, § 1983 is not a source of substantive rights, but rather "a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges that Defendants used court fees and usurped the Clerk's public website in a manner not permitted by state law. Yet, "the violation of state law is not itself the violation of the Constitution." *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988). As the Seventh Circuit explained in *River Park, Inc. v. City of Highland Park*, "[f]ailure to implement

4

state law violates that state law, not the Constitution; the remedy lies in state court." 23 F.3d 164 (7th Cir. 1994). Plaintiff attempts to salvage his claims by invoking constitutional doctrines. Characterizing the fee collection as a deprivation of his property without due process of law, Plaintiff primarily argues that his Fourteenth Amendment rights have been violated.

Plaintiff's strategizing fails. In *Booth v. Lemont Mfg. Corp.*, 440 F.2d 385 (7th Cir. 1971), a taxpayer suit challenging a municipality's wasteful leasing practices as a deprivation of property without due process, the Seventh Circuit quoted heavily from *Owensboro Waterworks Co. v. City of Owensboro*, 200 U.S. 38 (1906), to demonstrate the inadvisability of interference in the administration of municipal affairs. As in the instant case, the Supreme Court in *Owensboro* considered allegations that a municipal corporation had diverted funds collected from taxpayers for a specific purpose, and that such action deprived the plaintiff of his property without due process of law. *Booth*, 440 F.2d at 387. The Supreme Court concluded that:

> [M]aladministration of its local affairs by a city's constituted authorities cannot rightfully concern the national government, unless it involves the infringement of some Federal right. If the city authorities have received funds from taxation which ought strictly to have been applied to take up or cancel the bonds of the city, but have been used for other municipal purposes . . . the remedy must be found in the courts and tribunals of the state . . . . And there is here no deprivation of property without due process of law within the meaning of the 14th Amendment. *Owensboro*, 200 U.S. at 45-46 (quoted in *Booth*, 440 F.2d at 387).

Following the Supreme Court's lead, the Seventh Circuit affirmed the dismissal of Booth's claim for lack of subject matter jurisdiction, explicitly cautioning against "plac[ing] the internal operations of a municipality under the supervision of the federal courts . . . ." *Booth*, 440 F.2d at 388. [2]

---

[2] The *Booth* court also quoted sizeable excerpts from *Otto v. Somers*, 332 F.2d 697 (6th Cir. 1964), *cert. denied*, 379 U.S. 1002 (1965). *Booth*, 440 F.2d at 387-88. In *Otto*, a municipal taxpayer complained that illegal expenditures by the municipality, which ratified the expenditures in violation of certain charter provisions, infringed his fourteenth amendment rights. *Otto*, 332 F.2d at 698. The Sixth Circuit affirmed a dismissal for lack of federal jurisdiction,

More recently, the Seventh Circuit reiterated its position while addressing a case similar to Plaintiff's. The plaintiff-attorney of *In re Mann* argued that, because the Cook County Circuit Court's record preparation fees, which generated a surplus, were deposited in the county treasury instead of a separate fund, the fees constituted an unconstitutional "tax" abridging the right of access to courts. 311 F.3d 788, 793 (7th Cir. 2002). After the Court of Appeals summarily dismissed the tax element of Mann's theory, which Plaintiff does not assert, Mann was left with allegations resembling those of Plaintiff's. On that point, the Seventh Circuit opined that, "Mann's substantive argument is sunk. So far as the federal Constitution is concerned, it makes no difference whether fees go into the state (or county) treasury, which then underwrites the judicial system, or instead are deposited into a separate fund under the control of the courts." *Id.*

While Plaintiff does not bring a taxpayer suit or challenge the constitutionality of the authorizing statute, the principles of *Owensboro*, *Booth*, and *Mann* apply.[3] A refusal by government authorities to properly follow procedures set forth by state statute, for the handling and expenditure of fees earmarked for a specific purpose, is properly characterized as a potential violation of state law, not an infringement of constitutional rights.

Plaintiff nevertheless seeks to distinguish his case by likening it to *Woodard v. Andrus*, 419 F.3d 348 (5th Cir. 2005). In *Woodard*, the Fifth Circuit recognized a claim for deprivation of property without due process of law, where the plaintiff alleged that a state court clerk systematically charged litigation fees in excess of, or not authorized by, state statute. *Id.* at 353-

---

holding that any cause of action arising from claims in which "municipal authorities have wrongfully expended or misapplied funds of the municipality" are for the benefit of the municipality, seeing as only the municipality would benefit from the recovery of funds. *Id.* at 701 (quoted in *Booth*, 440 F.2d at 387). Similarly, to the extent that Plaintiff asks the Court to "require that all further collections [of filing fees] be deposited in separate accounts otherwise handled and spent only as permitted by Illinois law," he has pled a claim for the benefit of Cook County, since the County treasurer retains these fees to pay for court costs. *See* 705 ILCS 105/27.3a(3); 705 ILCS 105/27.3c(c); (Compl. ¶ 46). Such a claim does not constitute a constitutional injury or invoke the exercise of federal jurisdiction. *See Booth*, 440 F.2d at 387-88; *Otto*, 332 F.2d at 701.

[3] In his briefs, Plaintiff emphatically states that he is not challenging the propriety of the fees or the validity of the statute authorizing them.

54. Here, 705 ILCS 105/27.3a and 705 ILCS 105/27.3c specifically authorize fees of no less than $1 and no more than $15 for automated record keeping and document storage. Accordingly, the Clerk charges litigants automation and document storage fees of presumably no more than $15. Plaintiff has not alleged, as Woodard did, that he has been charged in excess of the statutorily permitted amount. *Id.* at 350. Nor has Plaintiff alleged, as Woodard did, that the Clerk has charged fees not authorized by state law. For example, Woodard allegedly paid a "Women's Shelter" fee already declared unlawful by the Louisiana Supreme Court. *Id.* Instead, Plaintiff splits hairs, arguing that the automation and document storage fees are technically "unauthorized by statute" because they are not retained in separate bank accounts, regularly audited, or put towards their designated purpose. Plaintiff's observations do not change the fact that these fees are collected under clear statutory authority; the infractions at issue all involve the diversion of authorized funds away from the procedures and purposes specified by state law. *Woodard* is therefore of no assistance to Plaintiff. Under relevant precedent, Plaintiff's injury is not constitutional in nature.

Plaintiff additionally argues that the misconduct of the Clerk and the County violates his rights to equal protection under the law. The Equal Protection Clause grants citizens "the right to be free from invidious discrimination in statutory classifications and other governmental activity," *Harris v. McRae*, 448 U.S. 297, 322 (1980), and requires that "all persons similarly situated should be treated alike," *City of Cleburne v. Cleburne Living Center, Inc*., 473 U.S. 432, 439 (1985). Equal protection challenges typically concern "governmental classifications that affect some groups of citizens differently from others*." See Engquist v. Or. Dep't of Agric*., 128 S.Ct. 2146, 2152 (2008) (internal quotation marks omitted) (citing collected cases). Less common are class-of-one equal protection challenges, which assert that an individual has been

7

"irrationally singled out," regardless of any group affiliation, for discriminatory treatment. *Id.* at 2153; *see also U.S. v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008).

Plaintiff has not alleged that he is part of any group that has been discriminated against, or that the government has treated him, as an individual, differently from anyone else. To the contrary, he alleges that he, "as every other litigant, was charged and paid certain fees." (Compl. ¶ 13.) Nor has Plaintiff alleged the infringement of a fundamental right. *See Lumbert v. Illinois Dept. of Corrections*, 827 F.2d 257, 259 (7th Cir. 1987) (holding that filing fees for litigation do not violate the Constitution). Without such allegations, Plaintiff cannot establish an equal protection claim.

Because Plaintiff has not alleged a deprivation of a federal or constitutional right, he has not stated a claim under § 1983. As such, his complaint must be dismissed. With the dismissal of all federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ( "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Nightingale Home healthcare, Inc. v. Anodyne Therapy, LLC*, 589 F.3d 881, 883 (7th Cir. 2009) (relinquishment of supplemental jurisdiction over a state law claim is the "usual sequel" to dismissal of the primary federal claims). These include all claims arising from Defendants' allegedly illicit use of the Clerk's public website[4] and Plaintiff's conversion claim.

---

[4] According to Plaintiff, the Court has jurisdiction to consider his state law claims regarding the Clerk's public website because his filing fees were allegedly diverted, in violation of the Fourteenth Amendment, to support the website. Setting aside the extremely tenuous connection between the collection of court filing fees and Defendants' online advertising practices, this theory fails in the absence of a constitutional claim.

8

## IV. Conclusion

For the foregoing reasons, Defendants' motions to dismiss are GRANTED. Plaintiff's 42 U.S.C. § 1983 claim is dismissed. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. This case will be terminated.

Enter:

/s/ David H. Coar

_____
David H. Coar
United States District Judge

Dated: **March 30, 2010**